UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 04-10642-RWZ<br>) |
| 928 OAKLEY STREET, NEW BEDFORD,<br>MASSACHUSETTS,<br>            Defendant. | )<br>)<br>)<br>) |

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR ENTRY OF DEFAULT**

I, Shelbey D. Wright, state under oath as follows:

1. I am an Assistant United States Attorney. I represent the plaintiff, the United States of America, in this case. This is an action *in rem* for forfeiture of the real property, including all buildings and appurtenances, located at 928 Oakley Street, New Bedford, Massachusetts (the "Defendant Property"). Accordingly, this action is governed by the procedures set forth in the Federal Rules of Civil Procedure and in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. The Defendant Property is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(7), as it constitutes property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of the Controlled Substances Act.

3. The Complaint for Forfeiture *in Rem* was filed on or about April 2, 2004.

4. This Court issued a Warrant and Monition on or about April 16, 2004, directing the United States Marshals Service to

give notice to all persons concerned that a Complaint <u>in Rem</u> had been filed.

5. Publication of the Complaint and Monition was made in the <u>Boston Herald</u> newspaper on May 20, 2004, May 27, 2004, and June 3, 2004. A copy of the process receipt and return for publication, executed by the United States Customs Service, is attached as <u>Exhibit A</u>.

6. Peter Medeiros was served with a certified copy of the Complaint and Monition via his attorney, David P. Sorrenti, Esquire, Sorrenti & Delano, PA, 23 North Pearl Street, Brockton, Massachusetts 02310. In addition, the United States attempted to serve a copy of the Complaint and Monition upon Peter Medeiros, but the documents were returned undelivered. Copies of the receipts and returns for service are attached as <u>Exhibits B and C</u>. Peter Medeiros did not file either a verified claim or answer to the Complaint.

7. Joyce Medeiros was served with a certified copy of the Complaint and Monition via her attorneys, John J. Bevilacqua, Esquire, 380 Broadway, Providence, Rhode Island 02909, and Thomas E. Badway, Esquire, 700 North Main Street, Providence, Rhode Island 02904. In addition, the United States attempted to serve a copy of the Complaint and Monition upon Joyce Medeiros, but the documents were returned unclaimed/undelivered. Copies of the receipts and returns for service are attached as <u>Exhibits D, E, and F</u>. Joyce Medeiros did not file either a verified claim or

answer to the Complaint.

8. Under Supplemental Rule (C)(6), any person asserting an interest in the Defendant Property is required to file a claim within thirty (30) days after process has been executed and an answer within twenty (20) days after the filing of the claim.

9. To date, no claims to the Defendant Property or answers to the Complaint have been filed and the time for filing such claims and answers has expired.

10. To the best of my knowledge, and upon information and belief, neither Peter Medeiros, Joyce Medeiros, nor anyone else with an interest in the Defendant Property is in the military service of the United States, is an infant, or is incompetent.[1]

Signed under the pains and penalties of perjury this ____ day of August, 2004.

_____
Shelbey D. Wright
Assistant U.S. Attorney

---

[1] In order to determine Peter Medeiros' and Joyce Medeiros' military status, the United States searched the Department of Defense Manpower Data Center using Peter Medeiros' and Joyce Medeiros' name and Social Security Number.